NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA MARIE BELYEW, | No. 22-15495 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01213-JAM-JDP |
| v. | |
| DUCH, Captain; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 4, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Prisoner Lisa Belyew appeals pro se from the district court's grant of summary judgment in favor of the Defendants due to Belyew's failure to exhaust available administrative remedies as to her 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments. Belyew also argues the district court abused

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its discretion in awarding attorneys' fees to the Defendants "due to undue hardship it would cause" her. We note, however, that the district court did not award attorneys' fees; it taxed costs. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We will treat Belyew's attorneys' fees objection as an objection to the taxation of costs. We review a district court's taxation of costs for abuse of discretion. *Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 753 (9th Cir. 2023). We affirm the district court's grant of summary judgment, but we reverse its taxation of costs.

The district court adopted the findings and recommendations of the magistrate judge and properly dismissed Belyew's action because it was clear from the record that she failed to exhaust available administrative remedies before filing suit. *See Ross v. Blake*, 578 U.S. 632, 638, 642 (2016) (explaining an inmate must exhaust available administrative remedies before filing an action). In her informal opening brief, Belyew asserts she "exhausted [her] administrative remedies."[1] But Belyew's argument before the district court was that she was unaware of any further process

---

[1] Belyew does not support this assertion. She states that she is unable to provide any such support, because she does "not have the file" and she "can only go off memory" because she is housed in administrative segregation. Given her pro se status, we nevertheless construe her brief as arguing the court's exhaustion holding was erroneous.

available for exhausting a denied grievance.[2] The district court correctly noted that Belyew's argument was belied by the record, because she had exhausted other denied grievances, including exhausting one prior denial just one month before one of the two denials here. Because Belyew argued she was unaware of how to exhaust denied grievances, but the record shows she understood the process, we affirm the district court's grant of summary judgment to the Defendants.

Belyew contends that the district court abused its discretion in awarding attorneys' fees. As we noted, however, the district court did not award attorneys' fees; it taxed costs. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed *to the prevailing party*." (emphasis added). We ordered supplemental briefing on the applicability of Rule 54(d)(1) when a complaint is dismissed without prejudice. In response, the Defendants abandoned their costs request, recognizing a "dismissal without prejudice does not confer prevailing party status upon [the] Defendants." Because the Defendants have conceded they were not the prevailing party, they were not entitled to costs under Rule 54(d)(1). We affirm the district

---

[2] Belyew argues for the first time in her reply brief that administrative remedies are unavailable to her but cites nothing to support that argument. The magistrate judge broadly construed Belyew's complaint to advance this argument but rejected it because Belyew had exhausted other grievances and admitted the jail provided access to the procedures needed to exhaust the available administrative remedies.

court's grant of summary judgment and reverse the district court's award of costs.[3]

**AFFIRMED in part, and REVERSED in part.**

---

[3] The parties shall bear their own costs on appeal. Belyew's motion for 'reversal of the U.S. District Court's ruling for summary judgment,' Dkt. 10, is DENIED as moot.